El Pueblo, Demandante y Apelado, *v.* Gutiérrez, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por seducción.

No. 684.—Resuelto en junio 24, 1914.

Seducción—Presunción de Soltería de la Ofendida—Pruebas.—Aparte de que en un caso de seducción no es necesario probar que la perjudicada era soltera, porque la presunción es que una persona es soltera hasta que no se demuestre lo contrario, sin embargo, en este caso se probó dicho extremo.

Id.—Castidad de la Ofendida—Pruebas.—La declaración de la ofendida de que cuando tuvo actos carnales con el apelante era una mujer honrada y una señorita, equivale a la afirmación de que era casta, cuya manifestación fué corroborada por la declaración de la madre, y por tanto, el previo carácter casto de la ofendida quedó probado.

ID.—PROMESA DE MATRIMONIO—PROMESA HECHA A FAMILIARES DE LA OFENDIDA.—
La declaración de la ofendida en el sentido de que tuvo actos carnales con el
acusado, el haberse presentado embarazada ante el jurado y su manifestación
de que el acusado le ofreció casarse con ella, promesa que también hizo a la
madre, corroboran la declaración de la ofendida, aparte de que no es necesario
que la promesa de matrimonio se haya hecho también a los familiares de la
mujer.

ID.—CASTIDAD DE LA OFENDIDA—PRUEBA PARA IMPUGNAR LA CASTIDAD DE LA
OFENDIDA—APRECIACIÓN DE LA MISMA POR EL JURADO.—El acusado presentó
prueba para impugnar el carácter casto de la ofendida en el sentido de que
había tenido relaciones y vivido públicamente como la concubina con cierto
hombre, pero el jurado no le dió crédito a esta prueba, sin que cometiera por
ello error alguno.

ID.—INSTRUCCIONES AL JURADO—CORROBORACIÓN DE LA DECLARACIÓN DE LA OFEN-
DIDA POR SU MADRE.—Examinada la prueba resulta que la corte no cometió
error al instruir al jurado en el sentido de que la declaración de la ofendida
fué corroborada por la declaración de la madre.

ID.—INSTRUCCIONES AL JURADO—ELEMENTOS ESENCIALES DEL DELITO—INTERPRE-
TACIÓN DE LAS INSTRUCCIONES.—La corte dió, entre otras, las siguientes ins-
trucciones: ''de modo que los requisitos esenciales de este delito son cuatro:
primero, que la mujer sea soltera; segundo, que se verifique con ella el acto
carnal; tercero, que ese acto carnal se haya verificado a virtud de la palabra
de matrimonio, y cuarto, que esa mujer con quien se ha verificado ese acto
carnal en esas condiciones, haya tenido anteriormente la reputación de una
mujer de previo carácter casto. Estos son los requisitos esenciales del delito
de seducción * * *.'' En otra parte de las instrucciones se dijo que la
promesa de matrimonio es el requisito esencial del delito de seducción. Se
resolvió, que tomadas en conjunto las instrucciones dadas no eran erróneas,
y que el juez no dijo que la promesa de matrimonio es el único elemento del
delito, como afirma el apelante.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. M. Benítez Flores.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

El apelante Demetrio Gutiérrez fué acusado ante la Corte
de Distrito de San Juan, Sección 2ª., del delito de seducción
porque ilegal, maliciosa y voluntariamente, allá por el mes
de mayo de 1913 y en la jurisdicción de Río Grande, del Dis-
trito de San Juan, y bajo promesa de matrimonio tuvo comer-
cio carnal con Felipa Rosario, mujer soltera, de previo carác-
ter casto.

Celebrado el juicio ante un jurado el día 17 de diciembre de 1913 fué declarado culpable del expresado delito y pocos días después condenado por la corte a pagar una multa de mil pesos o a sufrir un día de presidio por cada cinco dollars que dejare de satisfacer. Contra ese fallo interpuso el sentenciado el presente recurso de apelación.

Al terminar el Fiscal su prueba en el juicio solicitó el acusado que la corte lo absolviera perentoriamente porque la acusación no probó, fuera de toda duda, que la mujer perjudicada era soltera: que era de previo carácter casto, gozando en todo el barrio de esa reputación de castidad, ni que realizó actos carnales porque el apelante le prometiera casarse y que tal promesa fuera hecha a ella y a sus familiares.

La evidencia que el Fiscal presentó en este juicio consistió únicamente en las declaraciones de la perjudicada y de su madre y en los extremos por ellas declarados encontramos que están justificados los tres elementos que el apelante echa de menos.

La perjudicada declaró que antes de conocer al apelante no tuvo relaciones con ningún otro hombre y que así se lo dijo a él la primera vez que fué a su casa. Por su parte la madre testificó que el acusado fué el primer novio que tuvo su hija.

Entendemos que esas manifestaciones prueban suficientemente que Felipa Rosario no se había casado y por tanto que era soltera, hecho que por otra parte no era necesario probar, pues la presunción es que una persona es soltera hasta que no se demuestre lo contrario. *Pérez Villamil* v. *Romano*, 19 D. P. R., 885.

También declararon esas testigos, la hija, que cuando tuvo actos carnales con el apelante era una mujer honrada y una señorita, palabras que equivalen a la afirmación de que era casta; y la madre expresó la misma idea al decir que Felipa no había tenido ningún otro novio antes que el acusado.

En vista de estas manifestaciones podemos decir que el Fiscal había probado el previo carácter casto de la ofendida.

En cuanto al último motivo de la moción, carecía igualmente de fundamento porque la declaración de Felipa Rosario afirma que tuvo actos carnales con el acusado y se presentó embarazada ante el jurado, que desde que el apelante empezó a tratarla como novia le ofreció que se casaría con ella, manifestación que según la madre también le hizo a ella, quedando así corroborado ese particular a pesar de que no es necesario que la promesa de matrimonio se haga también a los familiares de la mujer.

Como resumen de lo expuesto el juez de la corte inferior no cometió error al desestimar la moción opuesta a toda la prueba por insuficiente para probar la acusación.

Durante el curso del juicio el apelante excepcionó dos resoluciones por las que la corte permitió ciertas preguntas del Fiscal. Sobre este extremo no hace hincapié ahora en su alegato limitándose a exponer tal hecho sin argumentarlo, pero hemos examinado esas preguntas y ambas eran tendentes a comprobar la credibilidad del testigo, y aunque hubieran sido impertinentes, no eran perjudiciales al acusado.

Otro error alegado por el apelante es que la evidencia que presentó consistente en las declaraciones de los testigos José Vives y Antonio Paz tendentes a demostrar que la ofendida, con anterioridad a la época en que se alega haber sido seducida, sostuvo relaciones y vivió públicamente en Río Grande como la concubina de un hombre llamado Celestino Suárez, destruye por completo la alegación de castidad de la acusación.

Es cierto que tal prueba se presentó a ese fin, pero también lo es que el jurado no le dió crédito puesto que al declarar culpable al apelante del delito de seducción estimó que la mujer era de carácter casto. Hubo prueba contradictoria sobre ese extremo y el jurado, usando de la facultad que la ley le confiere de apreciar la credibilidad de los testigos, resolvió el conflicto de la evidencia en contra del apelante sin incurrir en error alguno.

Se sostiene también en el alegato que la corte inferior instruyó erróneamente al jurado en el particular de que la declaración de la madre de la ofendida corroboró la declaración de la perjudicada, pues tal declaración no puede estimarse corroborante en totalidad. Sin embargo, por el examen que hemos hecho de la declaración de esa testigo cuando hemos considerado la moción de absolución perentoria se llega a la conclusión contraria, pues todas las manifestaciones esenciales de la perjudicada fueron corroboradas por la madre.

Se aduce como último fundamento del recurso que erró la corte al instruir al jurado que el único elemento esencial del delito es la promesa de matrimonio.

Respecto de este particular la corte dijo al jurado lo siguiente:

"De modo que los requisitos esenciales de este delito son cuatro: primero, que la mujer sea soltera; segundo, que se verifique con ella el acto carnal; tercero, que ese acto carnal se haya verificado a virtud de la palabra de matrimonio; y cuarto, que esa mujer con quien se ha verificado ese acto carnal en esas condiciones, haya tenido anteriormente la reputación de una mujer de previo carácter casto.

"Estos son los requisitos esenciales del delito de seducción. * * * y si dais crédito a los testigos de la defensa, y no creéis que haya existido promesa de matrimonio que es el elemento esencial de este delito; ni creéis tampoco que se trata aquí de una mujer pura, que sea soltera, ni que el acusado haya tenido acto carnal con ella, en una palabra, si consideráis que no han sido establecidos todos los elementos esenciales de este delito, entonces es vuestro deber declarar absuelto al acusado. * * *."

Tales instrucciones no revelan en modo alguno la afirmación del apelante de que se instruyera al jurado que el único elemento del delito sea la promesa de matrimonio, pues antes al contrario explica al jurado cuántos y cuáles son los elementos que integran el delito de seducción y les informa que si alguno no se ha probado debe absolver al acusado.

Es cierto que el juez dijo que la promesa de matrimonio es elemento esencial del delito, pero como las instrucciones deben considerarse en conjunto y no palabras aisladas de ellas, no se desprenden de aquél lo que sostiene el apelante.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.